## Dickerson *et al. versus* Peters.

1. The councils of Philadelphia by resolution directed the department of highways "to enter into a contract with a competent paver (to) be selected by a majority of owners of property on Oxford street, &c., for the paving thereof." *Held*, that a discretion was vested in the department to determine the competency of the paver selected.

2. When the department has exercised its discretion in favor of a paver selected by a majority of owners, the resolution is complied with.

3. A selection by a majority of the owners is revocable: the proceeding is *in fieri* until the contract be awarded.

4. Under the resolution, a majority of the owners selected Peters as paver; a majority subsequently and before the contract was awarded, selected Faunce: *Held*, that a mandamus could not be awarded to give the contract to Peters.

February 12th 1873.   Before AGNEW, SHARSWOOD, and WILLIAMS, JJ.   THOMPSON, C. J., at Nisi Prius.

Writ of error to the Court of Common Pleas of *Philadelphia*: No. 13, to July Term 1871.

The proceedings in this case were commenced, January 14th 1870, by the petition of Emanuel Peters, setting forth a resolution of the councils of Philadelphia directing the department of highways to make "a contract with a competent paver who shall be selected by a majority of the owners of property fronting on Orthodox street from," &c., on the condition that the contractor shall collect the costs of paving from the property-owners, and enter into an obligation to keep the street in repair for three years; that under that resolution a majority of the owners of property on Orthodox street, &c., selected the petitioner as a competent paver to do said paving; that after the selection, the petitioner gave notice "in two daily papers having the largest circulation," &c., as required by the ordinance of councils, that on the 3d of December 1869 he would apply to the department for the contract; that on the day mentioned he applied to Mahlon H. Dickerson, James Work and Hiram Hooker, the commissioners of highways, for the contract, informing them of his selection by a majority of the owners of property; that he was ready to enter into the contract and the obligations, &c.; that notwithstanding the foregoing facts and that the petitioner was a competent paver, the commissioners of highways refused to enter into a contract with him. The prayer was for a mandamus to the commissioners of highways to enter into contract with the petitioner for paving Orthodox street, &c.

An alternative mandamus, returnable January 22d, was issued. On that day the defendants made return, denying that the petitioner had been selected by a majority of the owners of property on Orthodox street from, &c.; that the surveyor of the district had certified to the defendants that a majority of such owners had selected Johnson & Faunce; that the petitioner had filed a bill in the Supreme Court against the defendants in which the charging

[Dickerson *v.* Peters.]

part is the same as in their foregoing petition and asking that the petitioner should elect between proceeding on that bill and this petition.

Attached to the return was an agreement between a number of owners of property on Orthodox street fronting, &c., and Johnson & Faunce to pave the street; with the certificate of the surveyor of the district that they were a majority of such owners.

The petitioner by a replication traversed the allegations of fact in the return, and put himself on the country.

On the trial of the issue, April 28th 1870, before Ludlow, J., the petitioner gave in evidence a list of property-owners on the part of Orthodox street to be paved, with a certificate of the surveyor of the district that the list contained the names of all such owners.

Peters, the petitioner, testified that he presented to the commissioners of highways a paper signed by a majority of property-owners on the part of Orthodox street to be paved, selecting him as the paver, and certified by the surveyor on the 25th of September 1869 to be so, and upon the faith of the paper and at a cost of $45, he advertised his intention to apply for the contract; that he tendered a bond for his compliance with the conditions of the contract, and the commissioners refused to give him the contract.

The defendants gave in evidence a paper in date subsequent to that of the petitioner, and containing a number of the names which were to that paper, certified by the surveyor to contain a majority of the owners of property, selecting Faunce & Johnson as the pavers. This paper was presented to the commissioners of highways, December 1st 1869.

The defendants requested the court to charge:

That if there was not an exclusive selection of the relator, the defendants were vested with a discretion, and the verdict should be for the defendant.

The court charged, that the selection made by the owners, in September 1869, of the relator, exhausted their power under the ordinance; and if that selection was acted upon by Peters, they were estopped from making any other selection after that without cause.

The verdict was for the plaintiff (petitioner).

On the 8th of April 1871, after motions by defendants for a new trial and judgment *non obstante veredicto*, the court entered judgment on the verdict and awarded a peremptory mandamus.

On the 12th of April the defendants took out a writ of error, and amongst other errors, assigned for error the charge of the court in answer to their point.

*D. W. Sellers*, for plaintiff in error.—A discretion was vested in the commissioners: Conner *v.* Board of Health, 7 Phila. R.

[Dickerson v. Peters.]

629; Laughlin v. Kneass, Id. 634. A mandamus could not issue to direct commissioners how to decide: Commonwealth v. Perkins, 7 Barr 44; Resp. v. Clarkson, 1 Yeates 46; United States v. Lawrence, 3 Id. 42.

*J. T. Hopple* and *F. C. Brewster*, for defendant in error, cited Philadelphia v. Reilly, 10 P. F. Smith 467.

The opinion of the court was delivered, February 19th 1872, by SHARSWOOD, J.—By the resolutions of the councils of the city and county of Philadelphia, of November 13th 1869, the department of highways were authorized and directed " to enter into a contract with a competent paver or pavers, who shall be selected by a majority of the owners of property fronting on Orthodox street, from Frankford street to Tacony road (in the twenty-third ward), for the paving thereof." It cannot be controverted that a discretion was thereby vested in the department to determine the question of the competency of the paver who might be selected. It is true, that no objection was made to Mr. Peters, the nominee, on the ground of want of competency. But it is very important to bear in mind the fact that this discretion existed in considering the question which arises upon this record, whether the learned judge below was right in charging the jury as he did in substance, that a selection once made by a majority of the owners of property was irrevocable without cause. If the department exercised its discretion in favor of a paver selected by the majority, the terms of the resolution were complied with. Why should the owners be absolutely bound by their first nomination—for nomination was all that it was? The learned judge thought that if the nomination was acted on by the nominees they were estopped from making any other selection without cause. But what was done by the nominee that ought to work such an estoppel? It is said, that as required by law he had advertised his intention to apply to the department for the contract and had incurred that expense. But the very object of the law in requiring the advertisement was to call public attention to the claims of the ·nominee. It is evident that the whole proceeding was *in fieri* until a contract was actually awarded. Until then, the question of the competency of the paver selected was open to be decided by the department adversely to him, and upon well-settled principles, the court could not be called upon to command them to exercise their discretion in favor of any particular person. It is clear that they could not award the contract to any person not selected, and had the mandamus prayed for and awarded been to command the commissioners not to give the contract to Johnson & Faunce, because they were not duly selected, it could better have borne an argument. But by a peremptory mandamus to the commissioners to

[Dickerson *v.* Peters.]

award the contract to Emanuel Peters, the court decide that he is a competent person—a question devolved exclusively upon the department of highways, and a question necessarily open to the very last moment.

We think it follows from this course of reasoning, that the learned judge below fell into an error in holding that "the selection made by the owners in September 1869, of the relator, exhausted their power." It may be that Peters had a right of action against them for revoking their selection without sufficient cause, if he had incurred expense on the footing of it, but the nomination was essentially a revocable act while the proceeding was *in fieri* and before the contract was actually awarded. The owners ought not to be bound by a hasty or unwise selection, nor to be required to assign a sufficient cause for revoking it if they see fit to do so. For the reasons given we think the peremptory mandamus ought not to have been awarded.

Judgment reversed.